UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSE ANTONIO DIAZ SICARD,

                Plaintiff,                      Index No.

       - against-

4199 CRYSTAL II RESTAURANT CORP.
d/b/a Guadalupe Bar and Grill and VICTOR POTTER      COMPLAINT


                Defendants.
----------------------------------------------------------------x

      Plaintiff by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This is an action to remedy the failure of defendants to properly pay plaintiff minimum wage and overtime at the rate of time-and-a half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 et seq (the "FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R § 137-1.7 (2005) (the "Spread of Hours Wage Order"), and for violations of the New York State Labor Law and the supporting New York State Department of Labor Regulations and wage orders, including the Hospitality Wage Order (the "NYLL").
2. Defendants have maintained a policy and practice of requiring plaintiff and other employees to work without providing the minimum wage and overtime compensation required by federal and state law and regulations, tip credits, improper wage deductions, and wage statements.
3. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.
4. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, plaintiff claims failure of defendants to pay wages due and owing, pursuant to the NYLL, including but not limited to the New York State Labor Law §190 et seq., and §652(1); and for failure to pay plaintiff overtime at the rate of time-and-a-half as required by the regulations and the Hospitality Wage Order.

5. Venue lies within this judicial district, as plaintiff was employed in the Southern District, and the claim arose in the Southern District.

## PARTIES

6. Plaintiff is a resident of New York County, State of New York.
7. Defendant 4199 CRYSTAL II RESTAURANT CORP. d/b/a Guadalupe Bar and Grill (the "RESTAURANT"), on information and belief, is a domestic corporation, incorporated in the County of New York, State of New York.
8. Upon information and belief, defendant VICTOR POTTER is a shareholder of the RESTAURANT.
9. Upon information and belief, defendant VICTOR POTTER has or has had the power over compensation practices at the RESTAURANT.
10. Upon information and belief, defendant VICTOR POTTER is or has been the manager of the RESTAURANT.
11. Upon information and belief, defendant VICTOR POTTER has had, at all relevant times, the power to determine employee policies at the RESTAURANT, including, but not limited to, time-keeping and payroll policies and policies governing the allocation of tips and/or gratuities.
12. Defendants are part of a single integrated enterprise that jointly employed Plaintiff at all times relevant.
13. Defendants are employers and/or individually liable for the remedies sought by plaintiff in this complaint under the FLSA and the NYLL.
14. Defendants are an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the NYLL, including but not limited to the New York State Labor Law (Labor Law §§190 et seq.)(652(1)).
15. At all times relevant and material herein, plaintiff was an employee of defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1) and the NYLL.
16. As a restaurant worker, plaintiff was engaged in commerce or the production of goods for commerce for commerce, as that phrase is defined with the meaning of 29 U.S.C. § 203(e).
17. Defendants are engaged in the business of warehousing of goods traveling across state lines for interstate commerce.
18. At all times relevant times, the gross annual volume of sales made or business done by defendants was not less than $500,000.
19. At all times relevant to the allegations herein, the Defendants qualified as an enterprise within the meaning of the FLSA, 29 U.S.C. § 203.
20. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, including but not limited to §§ 190(3), 651(6).
21. At all times hereinafter mentioned, the activities of the defendants were related and performed through unified operations or common control for a common business purpose, and constituted an enterprise within the meaning of the FLSA, 29 U.S.C. §203.
23. At all times relevant to this action, Plaintiff was employed by defendants.
22. Throughout his employment, plaintiff was engaged in services and duties essential to the

movement of goods in interstate commerce.

## BACKGROUND FACTS

23. Plaintiff began working for defendants in or about September 16, 2009.
24. Plaintiff worked for defendants as a chef at the RESTAURANT.
25. On about April 24, 2016, Plaintiff was fired.
26. Plaintiff was compensated at the rate of $350 per week.
27. Plaintiff was paid less than the minimum salary for exempt employees under 12 NYCRR §146-3.2.
28. Plaintiff worked at least 64.5 hours per week.
29. Plaintiff worked 14.5 hours on Sundays.
30. Plaintiff was not paid an additional hour at minimum wage for the days that plaintiff worked more than 10 hours, in violation of the Hospitality Wage Order.
31. Defendants did not provide Plaintiff with annual wage statements as required by the New York Labor Law, Section 195(1) and the Hospitality Wage Order.
32. Defendants failed to provide to provide plaintiff, as required by the NYLL, Section 195(3), and the Hospitality Wage Orer, the statement with every payment of wages containing the information required by said section and the Hospitality Wage Order.
33. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and the NYLL and the Hospitality Wage Order by failing to maintain accurate timesheets and payroll records.
34. Plaintiff was not the paid minimum wage and overtime, in violation of the FLSA and the NYLL, including but not limited to 29 U.S.C.S. § 203(m), and the Hospitality Wage Order.
35. Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' right to receive the minimum wage and overtime pay as required under the FLSA, the NYLL and the Hospitality Wage Order.
36. The illegal acts of defendants include, but are not limited to, those set forth above.

## FIRST COUNT
Fair Labor Standards Act - Minimum Wages

37. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
38. Defendants violated the Minimum Wage Provisions of the FLSA.
39. At all times relevant, Plaintiff was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).
40. At all times relevant, Plaintiff has been an employee within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).
41. At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).
42. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

43. Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.
44. Defendants' failure to pay plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).
45. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).
46. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.
47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.
48. Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND COUNT
### Fair Labor Standards Act - Overtime

49. Plaintiff repeats and re-allege each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
50. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the FLSA for work in excess of forty (40) hours per week.
51. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.
52. Defendants' failure to pay plaintiff's wages and overtime at the rate of time-and-a-half was willful.
53. As a result of the foregoing unlawful and/or willful conduct on the part of the defendants, plaintiff has suffered and continues to suffer damages.

THIRD COUNT
### New York Labor Law Article 19 - Unpaid Minimum Wage

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
55. Defendants violated the New York Minimum Wage Act and regulations.
56. Defendants willfully failed to pay plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.
57. Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

58. Defendants' failure to pay plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663 and applicable regulations, including the Hospitality Wage Order.
59. Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH COUNT
### New York Labor Law Article 19 - Unpaid Overtime

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
61. Defendants violated the Overtime Provisions of the New York State Labor Law.
62. Defendants willfully failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law §§ 190 et seq. and regulations of the New York State Department of Labor, including the Hospitality Wage Order.
63. Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.
64. Defendants' failure to pay plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.
65. Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH COUNT
### New York Labor Law - Spread of Hours

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
67. Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor.
68. Defendants failed to pay plaintiff one additional hour of pay at the basic minimum wage rate before allowances for each day plaintiff's spread of hours exceeded ten in violation of N.Y. Lab. Law § 190 et seq. and § 650 et seq. and the wage orders of the New York Commissioner, including the Hospitality Wage Order.
69. Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.
70. Defendants' failure to pay plaintiff an additional hour pay for each day Plaintiff's spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.
71. Plaintiff has been damaged in an amount to be determined at trial.

## SIXTH COUNT
### New York Labor Law - Failure to Provide Statement with Each Payment of Wages

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
73. Defendants did not provide plaintiff statements with each payment of wages as required by the New York Labor Law, Section 195(3), and applicable New York Department of Labor Regulations and Wage Orders.
74. Accordingly, plaintiff is entitled to recover from Defendants, jointly and severally, ,pursuant to N.Y. Labor Law § 198(1-d), $250 per week or each work week that the violations occurred up to $5,000.00, declaratory relief, injunctive relief, costs and reasonable attorney's fees.

## SEVENTH COUNT
### New York Labor Law - Failure to Provide Annual Wage Statements

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
76. Defendant did not provide plaintiff annual wage statements as required by the New York Labor Law, Section 195(1-a), and applicable New York Department of Labor Regulations,
77. Accordingly, plaintiff is entitled to recover from Defendants, jointly and severally, pursuant to N.Y. Labor Law § 198(1-b), fifty dollars for each work week that the violations occurred up to $2,500.00, declaratory relief, injunctive relief, costs and reasonable attorney's fees.
78. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, plaintiff requests that this Court enter a judgement in favor of plaintiff and against defendants:

On The Fair Labor Standards Act Causes of Action
1. Declaring defendants violated the Fair Labor Standards Act (29 Code USC §201 et seq.) during the period of plaintiffs' employment;
2. Declaring defendants' violation of the Fair Labor Standards Act was willful;
3. Awarding plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wage, overtime and other wage violations, with interest;
4. Awarding plaintiff an equal amount in liquidated damages; and

5.  Awarding Plaintiff costs and reasonable attorneys' fees, and interest, together with such other and further relief as to the Court seems just and proper.

On the New York State Labor Law Counts:
1.  Declaring defendant violated the New York State Labor Law and the New York State Department of Labor Wage Orders and Regulations;
2.  Restraining defendants from violating the New York State Labor Law and the New York State Department of Labor Wage Orders and Regulations;
3.  Declaring that defendants' violation of the New York State Labor Law was willful;
4.  Awarding plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wage, overtime, spread of hours and other NYLL violations, with interest;
5.  Finding that defendants' refusal to pay plaintiff the required correct wages was willful, and awarding plaintiff an additional amount as liquidated damages;
6.  Awarding plaintiff reasonable attorney's fees, costs and interest, together with such other and further relief as to the Court seems just and proper.

Dated: New York, New York
　　　　July 20, 2016

　　　　　　　　　　　　　　　　　　　　Law Offices of Jonathan Weinberger
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

　　　　　　　　　　　　　　　　　　　　BY: *Jonathan Weinberger*
　　　　　　　　　　　　　　　　　　　　Jonathan Weinberger (JW-2425)
　　　　　　　　　　　　　　　　　　　　880 Third Avenue, 13th Fl.
　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　(212) 752-3380