UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSE ANTONIO DIAZ SICARD,

                Plaintiff,          Index No. 16-cv-05787
                                               (GBD)
     - against-

4199 CRYSTAL II RESTAURANT CORP.
d/b/a Guadalupe Bar and Grill and VICTOR POTTER

                Defendants.
-----------------------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS.

Contrary to the claims of defendants, the complaint adequately states a plausible claim.

As this Court stated in <u>Jones v. SCO Family of Servs.</u>, 2016 U.S. Dist. LEXIS 107868, 6-7 (S.D.N.Y. Aug. 10, 2016):

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires pleading facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. That is, the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[A] pleading that does nothing more than recite bare legal conclusions is insufficient to 'unlock the doors of discovery.'" Arena v. Delux Transp. Servs., Inc., No. 12 Civ. 1718, 2013 U.S. Dist. LEXIS 23964, 2013 WL 654418, at *2 (E.D.N.Y. Feb. 15, 2013) (quoting Iqbal, 556 U.S. at 678).

The Complaint is sufficient to state a claim under the applicable standard, and is hardly speculative.

Should the Court for any reason find the complaint implausible, plaintiff respectfully requests leave to file the amended complaint annexed hereto as Exhibit 1. A redline comparison of the proposed amended complaint to the original complaint is annexed hereto as Exhibit 2.

Dated: New York, New York
September 30, 2016

        Law Offices of Jonathan Weinberger
        Attorneys for Plaintiff

        BY: *Jonathan Weinberger*
        Jonathan Weinberger
        880 Third Avenue, 13th Fl.
        New York, New York 10022
        (212) 752-3380