## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Jose Antonio Diaz Sicard ("Plaintiff" or "Sicard") and Defendants 4199 Crystal II Restaurant Corp. d/b/a Guadalupe Bar and Grill ("4199 Crystal") and Victor Potter (collectively with 4199 Crystal, "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** Plaintiff and Defendants (the "Parties") recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Sicard or to anyone else as a result of or arising out of the matters set forth in the Complaint in *Sicard v. 4199 Crystal II Restaurant Corp., et al.*, Civil Action No. 16 Civ. 5787 (GBD), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, Sicard's employment relationship with Defendants, Sicard's separation of employment with Defendants, and/or otherwise.

2. **Dismissal of Pending Action.** For and in consideration of the promises outlined in Paragraph 3, Sicard agrees (1) to file a Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A; and (2) not to re-file these causes of action, or any other causes of action against Defendants, arising from matters that were encompassed or that could have been encompassed or raised in the Pending Action or otherwise.

3. **Consideration.** Upon full execution of this Agreement and the Court's approval of it and acceptance of the Stipulation of Dismissal with Prejudice (annexed

hereto as Exhibit A), Defendants agree to pay Sicard the total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Payment"), and other good and valuable consideration, as set forth and allocated below.

4. **Settlement Payment**.

    A.    Defendants shall pay the Settlement Payment in installments by delivering to the Law Offices of Jonathan Weinberger, 217 Broadway (Suite 505), New York, New York 10007, in the amounts and by each date set forth below:

| Due Date and Amount of Installment Payment |
| --- |
| $5,000.00 by 4/15/17 |
| $5,000.00 by 5/15/17 |
| $5,000.00 by 6/15/17 |
| $5,000.00 by 7/15/17 |
| $5,000.00 by 8/15/17 |
| $5,000.00 by 9/15/17 |

Each Installment payment shall be paid as follows:

  (a) one check made payable to "Jose Antonio Diaz Sicard" in the gross amount of $1,666.67 representing back pay, less applicable tax withholdings and deductions. Defendants shall report the payments made pursuant to this paragraph (a) to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to Plaintiff in accordance with applicable law.

  (b) one check made payable to Jose Antonio Diaz Sicard in the gross amount of $1,666.67, representing prejudgment interest and liquidated damages. The payments pursuant to this paragraph (b) will be reflected in an IRS Form 1099-MISC, with Box 3 of said form checked.

  (c) one check made payable to "Jonathan Weinberger, Esq.," in the gross amount of $1,666.66 representing attorneys' fees and costs. Defendants shall issue an IRS Form 1099-MISC to Plaintiff's counsel for payments referred to in this paragraph (c).

2

B.  Defendant Victor Potter, on behalf of himself and on behalf of 4199 Crystal, agrees to execute a Confession of Judgment, in the form annexed hereto as Exhibit B, admitting that in the event that Defendants default on their payment obligations under this Agreement, and fail to cure such default within the cure period (as set forth in Section 4(D) below), all remaining installment payments of the Settlement Amount shall be accelerated and become immediately due to Plaintiff plus liquidated damages in an amount equal to the total sum of all outstanding and unpaid installment payments under the Agreement. Defendants agree to deliver the fully executed and notarized original Confession of Judgment contemporaneously with Defendants' execution of this Agreement to the Law Offices of Jonathan Weinberger. The Law Offices of Jonathan Weinberger will hold said Confession of Judgment in escrow and will only file it if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in Section 4(A) above, and Defendants have not cured any such failure as set forth in Section 4(D) below. Upon receipt of all of the payments set forth in Section 4(A), the Law Offices of Jonathan Weinberger agrees to destroy said Confession of Judgment.

C.  If Defendants fail to timely make any of the payments described above, in Section 4(A), or if any payment check fails to clear (*i.e.*, bounces) on its respective payment date, Plaintiff's counsel shall provide, by e-mail, a notice to cure to Defendants' counsel, Argilio Rodriguez, Esq. (argilio@lawrodriguez.com) of Rodriguez Law, P.C., located at 350 Fifth Avenue, Suite 5909, New York, NY 10118 and shall fax the notice to cure to Defendant Victor Potter at (212) 304-1321. Defendants shall cure

3

the default within ten (10) days from and including the date on which the notice was sent. If the default is not cured within the ten (10) day period, all outstanding and unpaid installment payments specified in 4(A) will be accelerated and become due immediately and Defendants will consent to entry of the Confession of Judgment, as set forth in Exhibit B, in favor of Plaintiff in the United States District Court for the Southern District of New York, or other court with jurisdiction, for the amounts set forth in the Confession of Judgment, less any payments that were already made under this Agreement.

5. **Mutual General Releases.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff and Defendants, on behalf of themselves and their heirs, executors, members, administrators, officers, employees, directors, agents, successors, insurers, representatives, and assigns hereby mutually release each other from any and all actions, causes of action, suits, debts, dues, sums of monies, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, demands, costs, liens, and liabilities whatsoever, in law, admiralty, or equity that Plaintiff and Defendants, including their heirs, executors, administrators, successors, and assigns, ever had, may have had, or now can, may, or actually have from relating to the claims set forth in this action, or any other claims under the Fair Labor Standards

Act or the New York Labor Law. Nothing in this Agreement waives any rights that Plaintiff and Defendants may have that cannot be waived under applicable law.

6. **Non-Disparagement.** The Parties agree not to make any derogatory, disparaging, or defamatory statements about each other, whether by electronic, written, or oral means, to any person (including, but not limited to, the press or other media, or on social media websites). Notwithstanding the foregoing, either party may provide truthful information in response to a subpoena.

7. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically set forth above.

8. **Voluntary Settlement.** Sicard hereby represents and warrants that he has entered into this Agreement of his own free will and accord and believes that it represents a fair and reasonable compromise.

9. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, or representatives to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.

10. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

11. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

12. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

13. **Retention of Jurisdiction.** The United States District Court for the Southern District of New York shall retain jurisdiction over the Pending Action for purposes of enforcing the terms of this Agreement.

14. Sicard understands, represents, and agrees that he:

(A) Has carefully read and fully understood all of the provisions of this Agreement;

(B) Has had all of the terms of this Agreement translated into, and explained to him in, Spanish, his native language, at the direction of his counsel;

(C) Is, through this Agreement, releasing Defendants from any and all possible claims that Plaintiff may have against them, including the claims in the Pending Action relating to Plaintiff's employment and separation from employment with Defendants;

(D) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(E) Knowingly and voluntarily intends to be legally bound by this Agreement;

6

(F)     Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

[CONTINUED ON NEXT PAGE]

(G)     Is duly authorized and has full authority to execute this Agreement.

PLAINTIFF:                                                  DEFENDANTS:

                                                            4199 Cyrstal II Restaurant Corp. d/b/a
                                                            Guadalupe Bar and Grill

_____                                By: _____
Jose Antonio Diaz Sicard

Dated:_____                                Dated: 4-4-17

                                                            _____
                                                            Victor Potter

                                                            Dated: 4-4-17

(F) Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

[CONTINUED ON NEXT PAGE]

(G) Is duly authorized and has full authority to execute this Agreement.

PLAINTIFF:                                   DEFENDANTS:

                                             4199 Cyrstal II Restaurant Corp. d/b/a
                                             Guadalupe Bar and Grill

*Jose A Dias*
Jose Antonio Diaz Sicard              By:_____

Dated: 3/18/17                        Dated:_____


                                      _____
                                      Victor Potter

                                      Dated:_____

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ANTONIO DIAZ SICARD,             :
                                      :
                       Plaintiff,     :    16 Civ. 5787 (GBD)
                                      :
         -against-                    :
                                      :    STIPULATION OF
                                      :    DISMISSAL AND
4199 CRYSTAL II RESTAURANT CORP. d/b/a :   PROPOSED ORDER
Guadalupe Bar and Grill and VICTOR POTTER, :
                                      :
                       Defendants.    :
------------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on July 20, 2016, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, unpaid overtime wages, failure to pay spread-of-hours pay, statutory damages, liquidated damages, interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law, and the New York Wage Theft Prevention Act;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations and have entered into a Settlement Agreement and General Release dated February 15, 2017 (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are fully incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

WHEREAS, this Court shall retain jurisdiction over this action to enforce the terms of the Agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
       February 15, 2017

| LAW OFFICES OF JONATHAN WEINBERGER | RODRIGUEZ LAW, P.C. |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| By: _____ | By: _____ |
| Jonathan Weinberger, Esq. | Argilio Rodriguez, Esq. |
| 217 Broadway, Suite 505 | 350 Fifth Avenue, Suite 5909 |
| New York, NY 10022 | New York, NY 10118 |
| Tel.: (212) 949-1001 | Tel.: (212) 960-3305 |

SO ORDERED.

_____

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ANTONIO DIAZ SICARD,    :
     :
                        Plaintiff,    :    16 Civ. 5787 (GBD)
     :
              -against-    :
     :    **AFFIDAVIT OF**
4199 CYRSTAL II RESTAURANT CORP. d/b/a    :    **CONFESSION**
Guadalupe Bar and Grill and VICTOR POTTER,    :    **OF JUDGMENT**
     :
                        Defendants.    :
------------------------------------------------------------------X

STATE OF NEW YORK    )
                           ) ss:
COUNTY OF NEW YORK )

Victor Potter, being duly sworn, deposes and says:

    1.    I, Victor Potter, am the owner of 419 Crystal II Restaurant Corp. d/b/a Guadalupe Bar and Grill ("4199 Crystal").

    2.    I reside at 2125 Haviland Avenue, Bronx, NY 10472.

    3.    I have authority to sign on behalf of myself and on behalf of 4199 Crystal.

    4.    I am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of 4199 Crystal.

    5.    I, Victor Potter, hereby confess judgment and, upon Plaintiff's and/or Plaintiff's counsel's compliance with Paragraphs 4(D) and 4(E) of the parties' Settlement Agreement and Release (the "Settlement Agreement"), authorize entry of judgment against myself and 4199 Crystal (collectively, "Defendants"), jointly and severally, in favor of Plaintiff Jose Antonio Diaz Sicard in New York County, for a total amount equal to (a) two times all outstanding and unpaid installment payments under the

Settlement Agreement plus (b) reimbursement of Plaintiff's counsel's reasonable fees and costs incurred in seeking and enforcing a judgment against me and 4199 Crystal.

6. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

7. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, or with the New York County Clerk's Office, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or 4199 Crystal, collectively or individually, have any ownership interest.

9. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Law Offices of Jonathan Weinberger, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

_____
Victor Potter, on behalf of himself and on behalf of 4199 Crystal II Restaurant Corp. d/b/a Guadalupe Bar and Grill and Victor Potter

Sworn to and subscribed before me this
__30__ day of ~~February~~ March 2017

_____
NOTARY PUBLIC

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

2

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019